UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC RIDEOUT,

       Petitioner,

                                            CASE NO. 2:08-CV-10633
v.                                      CHIEF JUDGE BERNARD A. FRIEDMAN
                                            MAGISTRATE JUDGE PAUL KOMIVES

C. EICHENLAUB,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should dismiss as moot petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural Background*

Petitioner Marc Rideout is a federal prisoner who, at the time he filed this habeas corpus action, was incarcerated at the Federal Correctional Institution in Milan, Michigan. On June 6, 2008, petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application challenges the Bureau of Prison's regulations governing eligibility for placement in community corrections centers ("CCC"), also known as residential reentry centers ("RRC") or halfway houses. These regulations categorically limit the BOP's authority to designate an inmate to a CCC until the last 10% of the inmate's sentence, and limit such placement to no more than six months. *See* 28 C.F.R. §§ 570.20-.21. Petitioner contends that these regulations violate the individualized placement consideration mandated by 18 U.S.C. § 3621(b). For the reasons that follow, the Court should dismiss the petition as moot.

B.    *Analysis*

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Here, petitioner's application is moot for two reasons.

First, the passage of the Second Chance Act Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008), renders petitioner's claims moot. As recently explained by another court:

> Relevant to the issues presented here, the Act amended 18 U.S.C. § 3624(c). Amended section 3624(c)(1) authorizes the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment. Amended section 3624(c)(4) also states that nothing in section 3624 "shall be construed to limit or restrict the authority of the Director or of the Bureau of Prisons under [18 U.S.C. § 3621, the statute empowering the BOP to take a convict into custody and designate a place of imprisonment.]" The Act requires the BOP to issue new RRC regulations within 90 days. 18 U.S.C. § 3624(c)(6) (amended).
> In accordance with the Second Chance Act, on April 14, 2008, the BOP issued an interim policy memorandum on RRC placement considerations. The memorandum states that the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 (i.e., the ten percent limit that Petitioner challenges in this petition) "are no longer applicable and must no longer be followed." The memorandum further requires that RRC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b).

> Inmates previously denied RRC placement, such as Petitioner, were to be reconsidered under the standards set out in the memorandum.

*Montes v. Sanders*, No. CV 07-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).

Here, there is no question that the passage of the Second Chance Act gives petitioner everything that he seeks in his habeas application. Under the Act and the BOP's implementation of the Act as reflected in the memorandum, the BOP considers a prisoner's suitability for placement in an RRC under the five factors set forth in § 3621(b), and his eligibility will not be limited to the last six months of his sentence, but will extend to the last 12 months of his sentence. In these circumstances, petitioner has already been afforded the relief he seeks, and his claims are therefore rendered moot by the Second Chance Act. *See McGavock v. Berkebile*, No. 3-08-CV-9-P, 2008 WL 4540185, at *2 (N.D. Tex. Oct. 8, 2008); *Marshall v. Augustine*, No. 4:07cv467, 2008 WL 4371363, at *7 (N.D. Fla. Sept. 18, 2008); *Montes*, 2008 WL 2844494, at *2.

Second, petitioner has now been transferred to CCC confinement. The Bureau of Prisons maintains an on-line Inmate Locator Service which allows the public to track the location of federal inmates. This service indicates that petitioner is now incarcerated in a community corrections facility. Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See Herl v. Federal Bureau of Prisons*, No. 06-CV-13843, 2008 WL 544955, at *1 (E.D. Mich. Feb. 25, 2008) (Steeh, J.); *Munro v. Eichenlaub*, No. 07-CV-15043, 2007 WL 4287547, at *1 n.1 (E.D. Mich. Dec. 5, 2007) (O'Meara, J.). Because he is now housed in a CCC, his habeas application requesting individualized consideration for CCC placement is moot. *See Marshek v. Eichenlaub*, 266 Fed. Appx. 392, 392-93 (6th Cir. 2008); *Brock v. United States Dep't of Justice*, 256 Fed. Appx. 748, 750-51 (6th Cir. 2007); *Chhibba v. Federal Bureau of Prisons*, 154 Fed. Appx. 279, 280 (3d Cir. 2005). Accordingly, the Court lacks jurisdiction over the petition.

C. *Conclusion*

In view of the foregoing, the Court should dismiss as moot petitioner's application for the writ of habeas corpus.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/ PAUL J. KOMIVES  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Marc Rideout, c/o Genesis House, 3875 Lillibridge, Detroit, MI 48214 on October 30, 2008, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager